JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant John Riley (a.k.a. Cordale Garrett) appeals from his convictions for attempted murder, felonious assault and possession of criminal tools, to wit: a gun.
 {¶ 2} Riley presents two assignments of error in which he argues his convictions are not supported by either sufficient evidence or the manifest weight of the evidence. Following a review of the record, this court cannot agree with his arguments. Consequently, Riley's convictions are affirmed.
 {¶ 3} Riley's convictions result from an incident that occurred on the night of November 19, 2005. According to the victim, Carlton Gilmore, at approximately 8:00 *Page 2 
p.m. he was returning to his home located on the corner of East 68th Street and Rogers Avenue. As Gilmore drove, he noticed a silver-colored Lincoln Town Car; the vehicle drew his attention because it was parked on the wrong side of the oneway street that gave access to his house.
 {¶ 4} Gilmore continued past the Lincoln and parked his car on Rogers Avenue at the side of his home. He kept watch on the other vehicle, however. Therefore, Gilmore noticed that at the same time he emerged from his own car, two men got out of the Lincoln. The driver of the Lincoln pulled forward, passing him, but then stopped again. Meanwhile, the two men pulled masks over their heads, separated so that each was on a different side of the street, and began walking toward Gilmore's location.
 {¶ 5} Gilmore reentered his car in order to evade what he thought was developing into a dangerous situation. Since he believed the Lincoln would block his car if he took that direction, he backed out and drove the wrong way on the street he had just used, toward the two men on foot. At that point, both men "just started shooting" at him.
 {¶ 6} Gilmore heard several gunshots, some of which struck his car. He also felt a burning sensation in his left hand, but kept driving. Subsequently, he sought medical treatment; the treating physicians found a bullet fragment in Gilmore's left hand. Gilmore suffered permanent damage to his nerves and bones. *Page 3 
 {¶ 7} One of the residents in Gilmore's neighborhood called the Cleveland police upon hearing the gunfire. A "priority-one" radio dispatch of "shots fired" at East 65th Street and Rogers Avenue immediately went out to patrol units in the area. Officers William Conn and Marvin Young were in their zone car at East 65th Street and Union Avenue, very near the location, so they responded.
 {¶ 8} As Young drove the patrol car, the officers received a second dispatch which provided a description of the vehicle seen fleeing the scene. Moments later, they observed a Lincoln Town Car of the same description coming toward them on East 65th Street. Young made a u-turn and followed the vehicle with lights and sirens activated. Conn used the police radio to keep other units informed of their actions.
 {¶ 9} The Lincoln Town Car was traveling at a high rate of speed. Between the intersections of Broadway and Hinde Avenue, Young and Conn both noticed that one of the occupants threw an item from a passenger-side window. The vehicle's driver thereafter attempted to elude the pursuit by altering his course; nevertheless, the effort proved unsuccessful. The Lincoln Town Car eventually slowed at East 71st Street and Aetna Avenue. Three men "bailed out."
 {¶ 10} While the Lincoln Town Car rolled into a fence along Broadway Avenue and came to a halt, another police unit arrived at the scene. Officers Patrick Andrejack and his partner Daniel David thus joined Young and Conn in foot pursuit *Page 4 
of the fleeing suspects. Young went after the man who had exited from the rear passenger's side of the vehicle.
 {¶ 11} Andrejack and David followed a man who was running across Aetna Avenue toward a hospital building. The man, while making an evasive maneuver, accidentally came up behind the officers, who arrested him. The man later was identified as Riley. During David's pat-down search of Riley, he found a black face mask in Riley's sweatshirt pocket.
 {¶ 12} Young apprehended the other suspect, who later was identified as William Houston. Conn had been unable to catch the third man, so he returned to the Lincoln Town Car. Conn looked inside to see a .357 magnum revolver on the rear seat. Later forensic analysis of a bullet extracted from Gilmore's dashboard proved it had been fired from this weapon.
 {¶ 13} The officers also found a black face mask on the rear compartment's floor. Moreover, the item that earlier had been thrown from the vehicle was located on East 65th Street between Hinde and Union Avenues; it was a nine millimeter semiautomatic handgun.
 {¶ 14} Riley and Houston subsequently were indicted together on four counts, viz., one count of attempted murder, two counts of felonious assault, and one count of possession of criminal tools, to wit: a gun. The first three counts additionally carried both one-year and three-year firearm specifications. *Page 5 
 {¶ 15} Riley executed a written waiver of his right to a jury trial. After hearing the testimony and considering the evidence, the trial court found him guilty on all counts. Riley ultimately received a sentence that totaled nine years.
 {¶ 16} In this appeal, Riley presents the following two assignments of error for review.
 "I. The trial court erred in denying Appellant's motion for acquittal as to the charge [sic] when the state failed to present sufficient evidence to sustain a conviction [sic].
 "II. Appellant's conviction [sic] is against the manifest weight of the evidence."
 {¶ 17} Despite his use of the singular in his assignments of error, Riley actually challenges all of his convictions. He argues they are not supported by sufficient evidence, so the trial court should have granted his motions for acquittal; he further argues that his convictions are not supported by the manifest weight of the evidence. This court disagrees.
 {¶ 18} A defendant's motions for acquittal should be denied if the evidence is such that reasonable minds could reach different conclusions as to whether each material element of the crime has been proven beyond a reasonable doubt. State v. Dennis, 79 Ohio St.3d 421, 1997-Ohio-372;State v. Jenks (1991), 61 Ohio St.3d 259; State v. Bridgeman (1978),55 Ohio St.2d 261. The trial court is required to *Page 6 
view the evidence in a light most favorable to the state. State v.Martin (1983), 20 Ohio App.3d 172. Thus, circumstantial evidence alone may be used to support a conviction. State v. Jenks (1991),61 Ohio St.3d 259.
 {¶ 19} With regard to an appellate court's function in reviewing the weight of the evidence, this court is required to consider the entire record and determine whether in resolving any conflicts in the evidence, the fact-finder "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. at 175. This court must remain mindful, however, that the weight of the evidence and the credibility of the witnesses are matters primarily for the fact-finder to consider. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 20} In this case, when viewed in a light most favorable to the prosecution, the evidence demonstrated that Gilmore saw two men exit the Lincoln Town Car; both donned face masks before taking positions on each side of the street. Gilmore tried to flee the area of East 68th Street and Rogers Avenue, prompting both men to "just start" shooting at him. At least seven shots were fired into Gilmore's car; one of them lodged in his dashboard, and one struck him in the left hand. Gilmore identified a photograph of the Lincoln Town Car as the vehicle from which his assailants emerged. *Page 7 
 {¶ 21} Within moments of the shooting, police officers saw that vehicle traveling on East 65th Street near Rogers Avenue. The driver failed to stop for their lights and sirens; instead, he attempted to get away from them. During the police pursuit, one of the rear-seat passengers threw a gun out of the window. The officers never lost sight of the vehicle.
 {¶ 22} When the Lincoln Town Car finally slowed, its occupants "bailed out" and ran from it. Two were captured, viz., Riley and his co-defendant Houston. Riley carried a black face mask in his pocket. The gun that fired the shot that lodged in Gilmore's dashboard was found at the place in the Lincoln Town Car where Riley had been seated. Another black face mask lay on the rear-seat floor.
 {¶ 23} From this evidence, reasonable minds could conclude Riley was one of the two men who fired shots at Gilmore's car, that both men had the purpose to kill him, and that Riley and his accomplice did, in fact, inflict serious physical harm on Gilmore by means of a deadly weapon. The trial court, therefore, did not err in denying Riley's motions for acquittal. State v. Garner, Franklin App. No. 07AP-429, 2007-Ohio-5865.
 {¶ 24} Moreover, the witnesses provided a coherent and essentially consistent version of events which the trial court was within its prerogative to believe. This court cannot determine the trial court lost its way in finding Riley guilty of the charges *Page 8 
of attempted murder, felonious assault with a gun, and possession of criminal tools. Id.
 {¶ 25} For the foregoing reasons, Riley's two assignments of error are overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and ANTHONY O. CALABRESE, JR., J. CONCUR *Page 1